UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

ALEXANDRA POOLOS,                                  :
                                                   :     23-CV-08896 (GHW) (JLC)
                          Plaintiff,               :
                                                   :     **ANSWER TO COMPLAINT**
            - against -                            :
                                                   :
PARAMOUNT GLOBAL, CBS                              :
BROADCASTING INC., and CBS NEWS INC.,             :
                                                   :
                          Defendants.             :
                                                   :
-------------------------------------------------------------- x

       Defendants Paramount Global ("Paramount"), CBS Broadcasting Inc. ("CBS Broadcasting"), and CBS News Inc. ("CBS News" or the "Company") (collectively, "Defendants"), by and through their attorneys, Davis Wright Tremaine LLP, hereby answer the complaint of Plaintiff Alexandra Poolos ("Poolos" or "Plaintiff") (the "Complaint"), as follows:

## NATURE OF THE ACTION

       1.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, except admit that, in 2011, Plaintiff joined *60 Minutes*, the flagship news program and one of the most successful television broadcasts in history.

       2.    Defendants deny the allegations contained in Paragraph 2 of the Complaint, except admit that during her employment from in or around October 2011 to February 2022, Plaintiff worked on and produced certain stories for *60 Minutes* and, in or around May 2018, she was promoted from Associate Producer to Producer.

3.      Defendants deny the allegations contained in Paragraph 3 of the Complaint, except admit that the New York Attorney General made an announcement on or about November 2, 2022 concerning an agreement with CBS Corporation and its former CEO.

4.      Defendants deny the allegations contained in Paragraph 4 of the Complaint, except admit that Producer Shachar Bar-On ("Mr. Bar-On") was Plaintiff's former supervisor.

5.      Defendants deny the allegations contained in Paragraph 5 of the Complaint, except admit that Associate Producer Collette Richards ("Ms. Richards") made an internal complaint in December 2021 concerning Plaintiff's bullying, harassment, and lack of boundaries and, further answering, admit that Renee Balducci, Vice President, Human Resources – CBS News & Stations ("Ms. Balducci"), investigated Ms. Richards's complaint and received information and documents from non-party CNN Producer Scott Bronstein ("Mr. Bronstein") in connection with her investigation.

6.      Defendants deny the allegations contained in Paragraph 6 of the Complaint, except admit that Plaintiff purports to assert claims of discrimination based on gender and for retaliation.

7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint, except admit that Plaintiff purports to assert a claim for breach of contract.

8.      Defendants deny the allegations in paragraph 8 of the Complaint, except admit that Plaintiff purports to seek the relief referenced therein.

## JURISDICTION AND VENUE

9.      Paragraph 9 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 9 contains any factual allegations, Defendants deny them.

10.     Paragraph 10 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 10 contains any factual allegations, Defendants deny them.

11.     Paragraph 11 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 11 contains any factual allegations, Defendants deny them, except admit that Defendants are headquartered in New York City, and further that Plaintiff was employed by CBS News in New York City.

12.     Paragraph 12 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 12 contains any factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants admit that the Equal Employment Opportunity Commission issued a Notice of Right to Sue, Plaintiff filed the Complaint within ninety (90) days thereafter and, further answering, respectfully refer the Court to the documents referenced therein for their content.  The remaining allegations in Paragraph 13 of the Complaint set forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 13 contains any additional factual allegations, Defendants deny them.

## THE PARTIES

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint, except admit that Plaintiff was employed by CBS News and was based in New York, New York from in or around October 2011 until her termination on or about February 3, 2022.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint, except admit that Paramount Global is a global content and media corporation incorporated in Delaware, with its primary address in New York, New York, and it is formerly known as ViacomCBS Inc.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint, except admit that CBS Broadcasting Inc. is a corporation engaged in the business of television production and broadcasting, with its primary address in New York, New York, and an indirectly wholly owned subsidiary of Paramount Global.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint, except admit that CBS News Inc. is a corporation engaged in the business of television news production and broadcasting, with its primary address in New York, New York, an indirectly wholly owned subsidiary of CBS Broadcasting Inc., and currently has more than 500 employees.

## BACKGROUND

18.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, except admit that during her employment by CBS News, Plaintiff worked on certain stories for *60 Minutes* abroad.

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, to the extent Plaintiff includes

citations to publicly available records, Defendants respectfully refer the Court to those records for their content.

24.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, to the extent Plaintiff includes citations to publicly available records, Defendants respectfully refer the Court to those records for their content.

25.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, to the extent Plaintiff includes citations to publicly available records, Defendants respectfully refer the Court to those records for their content.

26.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, to the extent Plaintiff includes citations to publicly available records, Defendants respectfully refer the Court to those records for their content.

27.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, to the extent Plaintiff includes citations to publicly available records, Defendants respectfully refer the Court to those records for their content.

28.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, to the extent Plaintiff includes citations to publicly available records, Defendants respectfully refer the Court to those records for their content.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, to the extent Plaintiff includes citations to publicly available records, Defendants respectfully refer the Court to those records for their content.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint, except admit that Plaintiff was hired by CBS News as an Associate Producer for *60 Minutes* in or around October 2011.

31.     Defendants admit the allegations contained in Paragraph 31 of the Complaint and, further answering, to the extent Plaintiff includes citations to publicly available records, Defendants respectfully refer the Court to those records for their content.

32.     Defendants admit the allegations contained in Paragraph 32 of the Complaint and, further answering, to the extent Plaintiff includes citations to publicly available records, Defendants respectfully refer the Court to those records for their content.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint, except admit that Plaintiff was promoted from Associate Producer to Producer in or around May 2018.

34.     Defendants admit the allegations contained in Paragraph 34 of the Complaint and, further answering, to the extent Plaintiff includes citations to publicly available records, Defendants respectfully refer the Court to those records for their content.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint, except admit that Poolos produced a story for *60 Minutes* concerning Russian foreign agent Maria Butina, which included an on camera interview in federal prison and, further answering, to the extent Plaintiff includes citations to publicly available records, Defendants respectfully refer the Court to those records for their content.

36.     Defendants admit the allegations contained in Paragraph 36 of the Complaint and, further answering, to the extent Plaintiff includes citations to publicly available records, Defendants respectfully refer the Court to those records for their content.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint, except admit that Plaintiff traveled with Lesley Stahl to Germany in 2020 for an interview with Alexey Navalny.

38.     Defendants deny the allegations contained in Paragraph 37 of the Complaint, except admit that Ms. Stahl's CBS News biography currently highlights the October 2020 interview of Navalny as an example of Ms. Stahl's extensive reporting for *60 Minutes* and, further answering, to the extent Plaintiff includes citations to publicly available records, Defendants respectfully refer the Court to those records for their content.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that the former Executive Producer of *60 Minutes,* Jeff Fager, complimented Plaintiff's work.

40.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, except admit that Plaintiff was promoted in or around 2018.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint, except admit that Bill Owens is the Executive Producer of 60 Minutes and that he has had occasion to praise work by Plaintiff and others.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants the allegations contained in Paragraph 47 of the Complaint, except admit that Mr. Owens told Plaintiff that she swung for the fences.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation made on information and belief.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint, except admit that Mr. Owens told Plaintiff she produced stories with the highest degree of difficulty.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint, except admit that Tanya Simon was formerly a Senior Producer of *60 Minutes Sports.*

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants admit the allegations contained in Paragraph 54 of the Complaint and, further answering, aver that Plaintiff shared these awards and other recognitions with the other producers and correspondent who worked on each story.

55.     Defendants admit the allegations contained in Paragraph 55 of the Complaint, except deny that Plaintiff was employed pursuant to the terms of a written employment contract from on or about September 24, 2017 through on or about June 3, 2018.

56.       Defendants deny the allegations contained in Paragraph 56 of the Complaint, except admit that Plaintiff entered into a Staff Agreement with CBS News for the term of May 30, 2021 through May 25, 2024 unless sooner terminated (the "Staff Agreement") and, further answering, respectfully refer the Court to the document referenced therein for its contents.

57.       Defendants deny the allegations contained in Paragraph 57 of the Complaint and, further answering, respectfully refer the Court to the document referenced therein for its contents.

58.       Defendants admit the allegations contained in Paragraph 58 of the Complaint and, further answering, respectfully refer the Court to the document referenced therein for its contents.

59.       Defendants deny the allegations contained in Paragraph 59 of the Complaint, except admit that the Company terminated Plaintiff's employment for cause due to her breach of the Staff Agreement, including by Plaintiff's violation of CBS policies, and that she was not paid severance.

60.       Defendants admit the allegations contained in Paragraph 60 of the Complaint.

61.       Defendants deny the allegations contained in Paragraph 61 of the Complaint, except admit that Ms. Richards submitted an internal complaint concerning bullying, harassment, and inappropriate treatment she had been subjected to by Plaintiff, including Plaintiff's lack of respect for boundaries.

62.       Defendants deny the allegations contained in Paragraph 62 of the Complaint, except admit that Mr. Owens met with Plaintiff again on January 6, 2022 to discuss Ms. Richards's complaint and, further answering, aver that Mr. Owens also spoke with Plaintiff about a prior incident concerning Plaintiff's inappropriate interactions with colleagues, and that Mr. Owens sent an email afterwards to Plaintiff confirming their conversations on January 5 and January 6, 2022.

63.       Defendants admit the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint, except admit that Mr. Owens asked Plaintiff if she had spoken to Mr. Bronstein at CNN and whether Plaintiff had disparaged Ms. Richards to Mr. Bronstein.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint, except admit that Plaintiff told Mr. Owens that she spoke with Mr. Bronstein at CNN and, further answering, aver that Plaintiff told Mr. Owens that she reached out to Mr. Bronstein at CNN well before her meeting with Mr. Owens concerning Ms. Richards's complaint against her, and that she did not disparage Ms. Richards in any way.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint and, further answering, aver that Plaintiff told Mr. Owens she had reached out to Mr. Bronstein at CNN well before her meeting with Mr. Owens concerning Ms. Richards's complaint against her, and further aver that, while Plaintiff originally texted Mr. Bronstein on December 31, 2021, Plaintiff did not tell Mr. Owens that she called Mr. Bronstein at CNN after she met with Mr. Owens and Ms. Simons on January 5, 2022, when she received a verbal warning and counseling concerning her inappropriate treatment of Ms. Richards.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint, except admit that Ms. Richards and Mr. Bronstein had previously worked together at CNN and that Mr. Bronstein served as a job reference during Ms. Richards's application to work on *60 Minutes*.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint, except admit that that Ms. Balducci informed Plaintiff on January 7, 2022 that she was being placed on paid administrative leave pending the results of an investigation and, further answering, aver that Plaintiff volunteered that she had reached out to Mr. Bronstein but that she did not say anything disparaging about Ms. Richards.

69.     Defendants admit the allegations contained in Paragraph 69 of the Complaint and, further answering, aver that Ms. Balducci interviewed Plaintiff on January 8, 2022 for approximately one hour and ten minutes.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint, except admit that on February 3, 2023, Mr. Owens and Ms. Balducci met with Ms. Poolos to inform her that the Company was terminating her employment for cause, effective immediately.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint, except admit that Plaintiff received a letter on February 3, 2022 informing her that the Company was terminating the Staff Agreement and her employment for cause based on a determination that she breached the Staff Agreement by violating CBS policies and, further answering, Defendants respectfully refer the Court to the document referenced therein for its contents.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint, except admit that Ms. Stahl sent a text to Plaintiff after her termination stating, in part, "this does represent the affection and respect EVERYONE feels for you. Especially me," and, further answering, Defendants respectfully refer the Court to the document referenced therein for its contents.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants admit the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's knowledge.

11

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's holiday plans.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint, except admit that Plaintiff reached out to Ms. Simons on or about January 3, 2022.

87.     Defendants deny the allegations in Paragraph 87 of the Complaint, except admit that Ms. Simons told Plaintiff on January 4, 2022 that she would speak with her, together with Mr. Owens, the following day on January 5, 2022.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint and, further answering, respectfully refer the Court to the documents referenced therein for their content.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint and, further answering, aver that Ms. Richards requested time off for her wedding many months in advance of her wedding in May 2021, and that subsequently, Plaintiff harassed Ms. Richards on multiple occasions for not being willing to work on her wedding day.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint, except admit that Ms. Richards requested to take time off in late December 2021, which Plaintiff did not accommodate and, further answering, aver that Ms. Richards made the request for time off to drive to Atlanta for the holidays more than seven weeks in advance of late December 2021.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint, except admit that Ms. Stahl interviewed Trevor Noah for a story produced by Plaintiff, the story aired on December 19, 2021 and, to the extent Plaintiff includes citations to publicly available records, Defendants respectfully refer the Court to those records for their content.

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint, except admit that Plaintiff did not accommodate Ms. Richards's request for time off.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint, except admit that Plaintiff suggested that Ms. Richards drive to Atlanta on a Tuesday or Wednesday (as opposed to early Sunday morning) but Ms. Richards was unable to travel on a weekday due to her husband's work schedule.

98.     Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in Paragraph 99 of the Complaint, except admit that Plaintiff told Ms. Richards she could speak to Ms. Simons about transferring to another team.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's vacation plans.

101.    Defendants deny the allegations contained in Paragraph 101, except admit that Plaintiff critiqued Ms. Richards's copy editing and that copy editing is among the job duties of an Associate Producer.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint, except admit that Ms. Richards complained about Plaintiff not treating her well.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint, except admit that Plaintiff did not report her alleged concerns.

106.    Defendants deny the allegations contained in Paragraph 106 of the Complaint, except admit that Plaintiff reached out to Mr. Bronstein at CNN, who had previously served as a job reference for Ms. Richards and, further answering, aver that the two spoke by phone when Plaintiff called Mr. Bronstein on the evening of January 5, 2022, after Plaintiff had received a verbal warning and counseling concerning her treatment of Ms. Richards earlier that same day.

107.    Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations contained in Paragraph 108 of the Complaint, except admit that Plaintiff offered her assessment of Ms. Richards's job performance to Mr. Owens.

109.    Defendants deny the allegations contained in Paragraph 109 of the Complaint.

14

110.     Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.     Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112.     Defendants deny the allegations contained in Paragraph 112 of the Complaint and, further answering, aver that Plaintiff called Mr. Bronstein on the evening of January 5, 2022, after she had received a verbal warning and counseling from Mr. Owens and Ms. Simons earlier that same day regarding her bullying, harassment, and inappropriate treatment of Ms. Richards, and Defendants further aver that Plaintiff disparaged Ms. Richards during her call with Mr. Bronstein.

113.     Defendants deny knowledge or information sufficient to form a belief as to the truth the allegations contained in Paragraph 113 of the Complaint.

114.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint, except admit that Plaintiff sent text messages to Mr. Bronstein and, further answering, aver that Plaintiff texted Mr. Bronstein on December 31, 2021, January 4, 2022 and January 5, 2022.

115.     Defendants deny the allegations contained in Paragraph 115 of the Complaint, except admit that Plaintiff called Mr. Bronstein on the evening of January 5, 2022.

116.     Paragraph 116 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 116 contains any factual allegations, Defendants deny them.

117.     Defendants admit the allegations contained in Paragraph 117 of the Complaint.

118.     Defendants deny the allegations contained in Paragraph 118 of the Complaint, except admit that Mr. Bronstein had previously served as a job reference for Ms. Richards.

119.     Defendants deny the allegations contained in Paragraph 119 of the Complaint, except admit that the Company was informed that Plaintiff made negative comments to Mr.

Bronstein concerning Ms. Richards's job performance, and that Ms. Richards could work for someone else, while acknowledging that Ms. Stahl liked Ms. Richards.

120.    Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.    Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.    Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.    Defendants admit the allegations contained in Paragraph 123 of the Complaint and, further answering, respectfully refer the Court to the document referenced therein for its contents.

124.    Defendants deny the allegations contained in Paragraph 124 of the Complaint, except admit that the Company determined that Plaintiff was not truthful during the investigation and, further answering, aver that in making this determination, the Company reviewed information submitted by Mr. Bronstein, Plaintiff, Ms. Richards, and others.

125.    Defendants deny the allegations contained in Paragraph 125 and, further answering, respectfully refer the Court to the document referenced therein for its contents.

126.    Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127.    Defendants deny the allegations contained in Paragraph 127 of the Complaint, except admit that Mr. Owens and Ms. Simons met with Plaintiff on January 5, 2022 concerning Ms. Richards's complaint against Plaintiff and that Mr. Owens had another meeting with Plaintiff on January 6, 2022.

128.    Defendants deny the allegations contained in Paragraph 128 of the Complaint, except admit that Plaintiff told Mr. Owens she discussed Ms. Richards's complaint with Ms. Stahl.

129.    Defendants deny the allegations contained in Paragraph 129 of the Complaint, except admit that Ms. Balducci from Human Resources spoke with Plaintiff on January 7, 2022.

130.    Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.    Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.    Defendants admit the allegations contained in Paragraph 132 of the Complaint and, further answering, respectfully refer the Court to the document referenced therein for its contents.

133.    Defendants admit the allegations contained in Paragraph 133 and, further answering, aver that Defendants also maintain and enforce a Global Business Conduct Statement (the "BCS") that includes an express prohibition against "bullying and abusive conduct (regardless of whether the person is in a protected category)" and respectfully refer the Court to the Non-Discrimination and Anti-Harassment policy and the BCS for their content.

134.    Defendants admit the allegations contained in Paragraph 134 of the Complaint and, further answering, aver that the BCS also prohibits retaliation against an individual for "speaking up" and reporting conduct that they believe violates the BCS and respectfully refer the Court to the Non-Discrimination and Anti-Harassment policy and the BCS for their content.

135.    Paragraph 135 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 135 contains any factual allegations, Defendants deny them.

136.    Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137.    Defendants deny the allegations contained in Paragraph 137 of the Complaint, except admit that the Non-Discrimination and Anti-Harassment Policy states that investigations will be conducted in a manner that "provides all parties appropriate due process" and, further answering, aver that the BCS also sets forth investigatory procedures and respectfully refer the Court to the Non-Discrimination and Anti-Harassment policy and the BCS for their content.

138.    Defendants deny the allegations contained in Paragraph 138 of the Complaint, except admit that Plaintiff offered her assessment of Ms. Richards's performance to Ms. Balducci during the investigation.

139.    Defendants deny the allegations contained in Paragraph 139 of the Complaint, except admit that copy editing was one of Ms. Richards's job duties.

140.    Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141.    Defendants deny the allegations contained in Paragraph 141 of the Complaint, except admit that, during the investigation, the Company reviewed Mr. Bronstein's text messages, phone records, and notes from his conversation with Plaintiff, among other information.

142.    Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143.    Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144.    Defendants deny the allegations contained in Paragraph 144 of the Complaint.

145.    Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146.    Defendants deny the allegations contained in Paragraph 146 of the Complaint and, further answering, aver that Plaintiff emailed Ms. Balducci on January 8, 2022 stating that she wanted her suspension escalated to Ms. Balducci's manager, and further that Ms. Balducci responded the next day, copying her manger and informing Plaintiff that her manager was "up to speed."

147.    Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148.    Defendants deny the allegations contained in Paragraph 148 of the Complaint, except admit that the Company did not physically show Plaintiff Mr. Bronstein's notes.

149.    Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150.    Defendants deny the allegations contained in Paragraph 150 of the Complaint.

18

151.    Defendants admit the allegations contained in Paragraph 151 of the Complaint and, further answering, respectfully refer the Court to the document referenced therein for its contents.

152.    Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153.    Defendants deny the allegations contained in Paragraph 153 of the Complaint, except admit that Plaintiff was initially issued a verbal warning and counseling in connection with Ms. Richards's complaint.

154.    Paragraph 154 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 154 contains any factual allegations, Defendants deny them.

155.    Defendants deny the allegations contained in Paragraph 155 of the Complaint.

156.    Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157.    Defendants deny the allegations contained in Paragraph 157 of the Complaint, except admit that Ms. Balducci offered Plaintiff the opportunity to resign rather than be terminated for cause and the opportunity to prepare a communication to colleagues regarding her departure, which Plaintiff declined.

158.    Defendants deny the allegations contained in Paragraph 158 of the Complaint.

159.    Defendants deny the allegations contained in Paragraph 159 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning what Plaintiff is aware of.

160.    Defendants deny the allegations contain in Paragraph 160 of the Complaint, except admit that Neeraj Khemlani (male) was formerly CBS News's President.

161.     To the extent Plaintiff is relying or referring to press reports, Defendants respectfully refer the Court to those press reports for their content and, except as to any allegation that accurately recounts what those press reports purport to say, Defendants deny the allegations.

162.     To the extent Plaintiff is relying or referring to press reports, Defendants respectfully refer the Court to those press reports for their content and, except as to any allegation that accurately recounts what those press reports purport to say, Defendants deny the allegations.

163.     To the extent Plaintiff is relying or referring to press reports, Defendants respectfully refer the Court to those press reports for their content and, except as to any allegation that accurately recounts what those press reports purport to say, Defendants deny the allegations.

164.     To the extent Plaintiff is relying or referring to press reports, Defendants respectfully refer the Court to those press reports for their content and, except as to any allegation that accurately recounts what those press reports purport to say, Defendants deny the allegations.

165.     To the extent Plaintiff is relying or referring to press reports, Defendants respectfully refer the Court to those press reports for their content and, except as to any allegation that accurately recounts what those press reports purport to say, Defendants deny the allegations.

166.     To the extent Plaintiff is relying or referring to press reports, Defendants respectfully refer the Court to those press reports for their content and, except as to any allegation that accurately recounts what those press reports purport to say, Defendants deny the allegations.

167.     To the extent Plaintiff is relying or referring to press reports, Defendants respectfully refer the Court to those press reports for their content and, except as to any allegation that accurately recounts what those press reports purport to say, Defendants deny the allegations.

168.    To the extent Plaintiff is relying or referring to press reports, Defendants respectfully refer the Court to those press reports for their content and, except as to any allegation that accurately recounts what those press reports purport to say, Defendants deny the allegations.

169.    Defendants deny the allegations contained in Paragraph 169 of the Complaint.

170.    Defendants deny the allegations contained in Paragraph 170 of the Complaint.

171.    Defendants deny the allegations contained in Paragraph 171 of the Complaint, except admit that the referenced press reports exist and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

172.    Defendants deny the allegations contained in Paragraph 172 of the Complaint and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

173.    Defendants deny the allegations contained in Paragraph 173 of the Complaint, except admit that the referenced press reports exist and, further answering, aver that Plaintiff relies on these press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

174.    Defendants deny the allegations contained in Paragraph 174 of the Complaint, except admit that the referenced press report exists and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

175.    Defendants deny the allegations contained in Paragraph 175 of the Complaint, except admit that the referenced press report exists and, further answering, aver that Plaintiff relies

on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

176.    Defendants deny the allegations contained in Paragraph 176 of the Complaint, except admit that the referenced press reports exist and that Mr. Moonves resigned and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

177.    Defendants deny the allegations contained in Paragraph 177 of the Complaint, except admit that the Board of non-party CBS Corporation retained outside law firms to conduct an internal investigation into certain allegations of misconduct.

178.    Defendants deny the allegations contained in Paragraph 178 of the Complaint, except admit that the referenced press report exists and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

179.    Defendants deny the allegations contained in Paragraph 179 of the Complaint, except admit that the referenced press report exists and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and Defendants respectfully refer the Court to those press reports for their content.

180.    Defendants deny the allegations contained in Paragraph 180 of the Complaint, except admit that the referenced press reports exist and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

181.    Defendants deny the allegations contained in Paragraph 181 of the Complaint, except admit that the referenced press reports exist and, further answering, aver that Plaintiff relies

on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

182.    Defendants deny the allegations contained in Paragraph 182 of the Complaint, except admit that the referenced press report exists and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

183.    Defendants deny the allegations contained in Paragraph 183 of the Complaint, except admit that the referenced press report exists and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

184.    Defendants admit that the New York Attorney General made an announcement on or about November 2, 2022 concerning non-party CBS Corporation and its former CEO.

185.    Defendants deny the allegations contained in Paragraph 185 of the Complaint and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

186.    Defendants deny the allegations contained in Paragraph 186 of the Complaint, except admit that the referenced press reports exist and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

187.    Defendants deny the allegations contained in Paragraph 187 of the Complaint, except admit that the referenced press report exists and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

188.    Defendants deny the allegations contained in Paragraph 188 of the Complaint and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

189.    Defendants deny the allegations contained in Paragraph 189 of the Complaint, except admit that Jeff Fager's employment with CBS News was terminated in 2018 and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

190.    Defendants deny the allegations contained in Paragraph 190 of the Complaint, except admit that Jeff Fager's employment with CBS News was terminated in 2018 and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

191.    Defendants deny the allegations contained in Paragraph 191 of the Complaint, except admit that the referenced press report exists and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

192.    Defendants deny the allegations contained in Paragraph 192 of the Complaint, except admit that the referenced press report exists and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

193.    Defendants deny the allegations contained in Paragraph 193 of the Complaint, except admit that the referenced press reports exist and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

194.    Defendants deny the allegations contained in Paragraph 194 of the Complaint.

195.    Defendants deny the allegations contained in Paragraph 195 of the Complaint.

196.    Defendants deny the allegations contained in Paragraph 196 of the Complaint, except admit that that Mr. Bar-On was Plaintiff's former supervisor from approximately 2011 to 2017.

197.    Defendants deny the allegations contained in Paragraph 197 of the Complaint, except admit that Ira Rosen was a former Producer for *60 Minutes* and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

198.    Defendants deny the allegations contained in Paragraph 198 of the Complaint, except admit that Michael Radzutsky was a former Producer for *60 Minutes* and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

199.    Defendants deny the allegations contained in Paragraph 198 of the Complaint and, further answering, aver that Plaintiff relies on press reports in making allegations unrelated to her employment and respectfully refer the Court to those press reports for their content.

200.    Defendants deny the allegations contained in Paragraph 200 of the Complaint, except admit that David Levine is an Associate Producer for *60 Minutes*.

201.    Defendants deny the allegations contained in Paragraph 201 of the Complaint, except admit that Will Croxton is Producer and Editor for *60 Minutes*.

202.    Defendants deny the allegations contained in Paragraph 202 of the Complaint, except admit that Matthew Richman is a Senior Editor for *60 Minutes*.

203.    Defendants deny the allegations contained in Paragraph 203 of the Complaint.

204.   Defendants deny the allegations contained in Paragraph 204 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning what Plaintiff claims never to have heard and, further answering, aver that in or around 2011 Ms. Stahl facetiously made such comment to men and women alike.

205.   Defendants deny the allegations contained in Paragraph 205 of the Complaint, except admit that Plaintiff was supervised by Mr. Bar-On from 2011 to 2017.

206.   Defendants deny the allegations contained in Paragraph 206 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's alleged contemporaneous notes.

207.   Defendants deny the allegations contained in Paragraph 207 of the Complaint.

208.   Defendants deny the allegations contained in Paragraph 208 of the Complaint.

209.   Defendants deny the allegations contained in Paragraph 209 of the Complaint and, further answering, respectfully refer the Court to the document referenced therein for its contents.

210.   Defendants deny the allegations contained in Paragraph 210 of the Complaint.

211.   Defendants deny the allegations contained in Paragraph 211 of the Complaint.

212.   Defendants deny the allegations contained in Paragraph 212 of the Complaint.

213.   Defendants deny the allegations contained in Paragraph 213 of the Complaint.

214.   Defendants deny the allegations contained in Paragraph 214 of the Complaint.

215.   Defendants deny the allegations contained in Paragraph 215 of the Complaint.

216.   Defendants deny the allegations contained in Paragraph 216 of the Complaint.

217.   Defendants deny the allegations contained in Paragraph 217 of the Complaint.

218.   Defendants deny the allegations contained in Paragraph 218 of the Complaint.

219.   Defendants deny the allegations contained in Paragraph 219 of the Complaint.

220.     Defendants deny the allegations contained in Paragraph 220 of the Complaint.

221.     Defendants deny the allegations contained in Paragraph 221 of the Complaint.

222.     Defendants deny the allegations contained in Paragraph 222 of the Complaint.

223.     Defendants deny the allegations contained in Paragraph 223 of the Complaint.

224.     Defendants deny the allegations contained in Paragraph 224 of the Complaint.

225.     Defendants deny the allegations contained in Paragraph 225 of the Complaint.

226.     Defendants deny the allegations contained in Paragraph 226 of the Complaint.

227.     Defendants deny the allegations contained in Paragraph 227 of the Complaint.

228.     Defendants deny the allegations contained in Paragraph 228 of the Complaint.

229.     Defendants deny the allegations contained in Paragraph 229 of the Complaint.

230.     Defendants deny the allegations contained in Paragraph 230 of the Complaint.

231.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 231 of the Complaint.

232.     Defendants deny the allegations contained in Paragraph 232 of the Complaint.

233.     Defendants deny the allegations contained in Paragraph 233 of the Complaint.

234.     Defendants deny the allegations contained in Paragraph 234 of the Complaint.

235.     Defendants deny the allegations contained in Paragraph 235 of the Complaint.

236.     Defendants deny the allegations contained in Paragraph 236 of the Complaint.

237.     Defendants deny the allegations contained in Paragraph 237 of the Complaint.

238.     Defendants deny the allegations contained in Paragraph 238 of the Complaint.

239.     Defendants deny the allegations contained in Paragraph 239 of the Complaint and, further answering, aver that Plaintiff never complained about Mr. Bar-On as alleged.

240.     Defendants deny the allegations contained in Paragraph 240 of the Complaint.

241.     Defendants deny the allegations contained in Paragraph 241 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning what Mr. Fager told Plaintiff.

242.     Defendants deny the allegations contained in Paragraph 242 of the Complaint.

243.     Defendants deny the allegations contained in Paragraph 243 of the Complaint.

244.     Defendants deny the allegations contained in Paragraph 244 of the Complaint.

245.     Defendants deny the allegations contained in Paragraph 245 of the Complaint.

246.     Defendants deny the allegations contained in Paragraph 246 of the Complaint.

## FIRST CAUSE OF ACTION
### (DISCRIMINATION UNDER TITLE VII)

247.     Defendants reassert their responses to Paragraphs 1-246 of the Complaint as if fully set forth herein.

248.     Paragraph 248 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 248 contains any factual allegations, Defendants deny them.

249.     Paragraph 249 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 249 contains any factual allegations, Defendants deny them.

250.     Paragraph 250 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 250 contains any factual allegations, Defendants deny them.

## SECOND CAUSE OF ACTION
### (RETALIATION UNDER TITLE VII)

251.     Defendants reassert their responses to Paragraphs 1-250 of the Complaint as if fully set forth herein.

28

252.     Paragraph 252 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 252 contains any factual allegations, Defendants deny them.

253.     Paragraph 253 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 253 contains any factual allegations, Defendants deny them.

254.     Paragraph 254 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 254 contains any factual allegations, Defendants deny them.

## THIRD CAUSE OF ACTION
## (DISCRIMINATION UNDER THE NYSHRL)

255.     Defendants reassert their responses to Paragraphs 1-254 of the Complaint as if fully set forth herein.

256.     Paragraph 256 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 256 contains any factual allegations, Defendants deny them.

257.     Paragraph 257 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 257 contains any factual allegations, Defendants deny them.

**258.**     Paragraph 258 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 258 contains any factual allegations, Defendants deny them.

## FOURTH CAUSE OF ACTION
## (RETALIATION UNDER THE NYSHRL)

259.    Defendants reassert their responses to Paragraphs 1-258 of the Complaint as if fully set forth herein.

260.    Paragraph 260 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 260 contains any factual allegations, Defendants deny them.

261.    Paragraph 261 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 261 contains any factual allegations, Defendants deny them.

262.    Paragraph 262 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 262 contains any factual allegations, Defendants deny them.

## FIFTH CAUSE OF ACTION
## (DISCRIMINATION UNDER THE NYCHRL)

263.    Defendants reassert their responses to Paragraphs 1-262 of the Complaint as if fully set forth herein.

264.    Paragraph 264 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 264 contains any factual allegations, Defendants deny them.

265.    Paragraph 265 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 265 contains any factual allegations, Defendants deny them.

**266.** Paragraph 266 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 266 contains any factual allegations, Defendants deny them.

**SIXTH CAUSE OF ACTION**
**(RETALIATION UNDER THE NYCHRL)**

267. Defendants reassert their responses to Paragraphs 1-266 of the Complaint as if fully set forth herein.

268. Paragraph 268 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 268 contains any factual allegations, Defendants deny them.

269. Paragraph 269 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 269 contains any factual allegations, Defendants deny them.

**270.** Paragraph 270 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 270 contains any factual allegations, Defendants deny them.

**SEVENTH CAUSE OF ACTION**
**(BREACH OF CONTRACT)**

271. Defendants reassert their responses to Paragraphs 1-270 of the Complaint as if fully set forth herein.

272. Paragraph 272 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 272 contains any factual allegations, Defendants deny them.

273.     Paragraph 273 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 273 contains any factual allegations, Defendants deny them.

274.     Paragraph 274 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 274 contains any factual allegations, Defendants deny them, except admit that Defendants have not paid Plaintiff severance.

275.     Paragraph 275 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 275 contains any factual allegations, Defendants deny them.

276.     Paragraph 276 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 276 contains any factual allegations, Defendants deny them.

## PRAYER FOR RELIEF

With respect to the Wherefore clause in the Complaint, Defendants deny that Plaintiff is entitled to any relief, including a judgment against Defendants, damages, costs, expenses, attorneys' fees, interest, or any other relief.

Each and every allegation contained in the Complaint not specifically admitted herein is denied.

## DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise bear.  Defendants reserve the right to amend their Answer and Defenses to assert such additional defenses as may later become available or apparent to them.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in part, on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel and/or waiver.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered damages, which Defendants expressly deny, upon information and belief, Plaintiff has failed to make reasonable and diligent efforts to mitigate her damages, said damages being expressly denied.

## FIFTH AFFIRMATIVE DEFENSE

Defendants' actions with respect to Plaintiff were taken solely for legitimate, non-discriminatory, non-retaliatory, non-prohibited reasons and/or for good cause unrelated to Plaintiff's alleged protected activity.

## SIXTH AFFIRMATIVE DEFENSE

If and to the extent that any action taken with respect to Plaintiff was motivated by an impermissible consideration, which Defendants expressly deny, Defendants would have taken the same action for lawful, non-discriminatory, and non-retaliatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendants' conduct was not motivated by evil motive or intent, nor was Defendants' conduct in reckless indifference to the protected rights of Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the conditions precedent to Plaintiff's eligibility for severance under the applicable agreement were not satisfied.

### NINTH AFFIRMATIVE DEFENSE

Defendants performed all duties under the applicable agreement other than any duties which were prevented, excused, or not triggered due to Plaintiff's conduct and, therefore, Defendants never breached any applicable agreement.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any damages or injuries suffered by Plaintiff were not legally or proximately caused by any act of omission on the part of Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her ratification and/or consent to the actions allegedly undertaken.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, do not entitle her to pre-judgment interest, post-judgment interest, attorneys' fees, liquidated damages, or punitive damages because Defendants' actions were made in good faith and with reasonable grounds for believing that their conduct was lawful.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief insofar as she has an adequate remedy at law.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action contained therein, fails to state any cause of action against Paramount and CBS Broadcasting because they were not and have never been Plaintiff's employer as a matter of fact or law.

**WHEREFORE**, Defendants respectfully request that the Complaint be dismissed with prejudice and that they be awarded costs, including reasonable attorneys' fees, along with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      December 21, 2023            DAVIS WRIGHT TREMAINE LLP

*Laura Sack*

_____
    Laura Sack
    Michael L. Lynch
1251 Avenue of the Americas, 21st Floor
New York, NY  10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax

*Attorneys for Defendants Paramount Global, CBS Broadcasting Inc. and CBS News Inc.*