```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/20/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

ALEXANDRA POOLOS,

                    Plaintiff,

        - against -

PARAMOUNT GLOBAL, CBS BROADCASTING INC., and CBS NEWS INC.,

                    Defendants.

------------------------------------------------------------------ x

1:23-CV-08896 (GHW) (HJR)

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

HENRY J. RICARDO, United States Magistrate Judge:

    WHEREAS, the Court, by Order dated December 12, 2024, directed the Parties to confer and submit for the Court's approval by December 19, 2024 a confidentiality order under which all documents concerning Michael Gavshon shall be designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY;"

    WHEREAS, the Parties, through counsel, agree to the following terms; and

    WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing this action;

    IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

    1.    "Highly Confidential Material" means all documents concerning Michael Gavshon produced pursuant to the December 12, 2024 Order.

    2.    "Producing Party" means any person, whether or not a party to the litigation, who produces Highly Confidential Material in the course of this action.

3. With respect to Highly Confidential Material, the Producing Party shall designate such material as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

4. The Producing Party or its counsel shall designate Highly Confidential Material by stamping or otherwise clearly marking such material "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in a manner that will not interfere with legibility or audibility.

5. If at any time before the termination of this action a Producing Party realizes that it should have designated discovery material as Highly Confidential Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated material as Highly Confidential Material. In addition, the Producing Party shall provide each other Party with replacement versions of such Highly Confidential Material that bears the "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation within two business days of providing such notice.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Highly Confidential Material as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," other persons subject to this Order may disclose such information only to the following persons:

(a) attorneys of record in this action; and

(b) this Court, including any appellate court, its support personnel, and court reporters.

8. All documents designated as Highly Confidential Material shall only be filed with the Court under seal. The parties shall follow the Court's procedures, including Rule 4 of this Court's Individual Rules of Practice, for filing sealed documents.

9. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Practices.

10. Recipients of Highly Confidential Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

11. Nothing in this Order will prevent any Party from producing any Highly Confidential Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

12. Each person who has access to Highly Confidential Material pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. Within 60 days of the final disposition of this action—including all appeals—all recipients of Highly Confidential Material must either return it—including all copies thereof— to the Producing Party, or, upon permission of the Producing Party, destroy such material— including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Highly Confidential Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Highly Confidential Material. Any such archival copies that contain or constitute Highly Confidential Material remain subject to this Order.

14. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Highly Confidential Material is produced or disclosed.

15. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| VLADECK, RASKIN & CLARK, P.C. | DAVIS WRIGHT TREMAINE LLP |
|---|---|
| By: /s/ Jeremiah Joseph Iadevaia<br>Jeremiah Joseph Iadevaia<br>Brandon White<br>James Bagley<br>111 Broadway<br>Suite 1505<br>New York, New York 10006<br>(212) 403-7300<br>*Attorneys for Plaintiff Alexandra Poolos* | By: /s/ Michael L. Lynch<br>Laura Sack<br>Lyle S. Zuckerman<br>Lisa E. Dayan<br>Michael L. Lynch<br>1251 Avenue of the Americas, 21st Floor<br>New York, New York 10020<br>(212) 489-8230<br>*Attorneys for Defendants Paramount Global, CBS Broadcasting Inc. and CBS News Inc.* |
| Dated: December 19, 2024<br>   New York, New York | Dated: December 19, 2024<br>   New York, New York |

**SO ORDERED.**

Dated: December 20, 2024
   New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge