UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDRA POOLOS,

                Plaintiff,

    -v-

PARAMOUNT GLOBAL, ET AL.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/2025

**ORDER**

23-CV-8896 (GHW) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

The Court held a conference to address Plaintiff's Letter Motion to compel Defendants' production of additional comparator documents.[1] ECF No. 107. For the reasons discussed during today's conference the Letter Motion is GRANTED IN PART and DENIED IN PART.

Defendants are ordered to produce the document identified as Exhibit H to Plaintiff's Letter Motion, ECF No. 107 at 153–73, without redactions for the rows in which the relevant division is "CBS News." Defendants are also ordered to provide to Plaintiff a description of this document, including who prepared it, how it was prepared, and whether Defendants maintain a central repository of complaints involving 60 Minutes.

---

[1] Plaintiff also filed a Letter Motion for leave to file the Letter Motion at ECF No. 107 with redactions. ECF No. 108. Pursuant to the Court's Order dated February 25, 2025, ECF No. 110, the parties filed supplemental briefing in support of the redactions request. ECF No. 114. The Court did not rule on the redactions request during this conference and directed the parties to confer regarding more limited proposed redactions.

Regarding Plaintiff's request that Defendants supplement their production of documents concerning the Named Comparators, consistent with the Court's December 12, 2024 Order at ECF No. 64:

- <u>Michael Gavshon</u>:  Plaintiff's request to compel Defendants to undertake additional searches for documents related to the initial harassment complaint against Mr. Gavshon is denied.  Defendants are ordered to search for and produce documents sufficient to show any retaliation complaints made against Mr. Gavshon, Defendants' response thereto, and Defendants' reasons therefor.

- <u>Matthew Richman</u>:  Plaintiff's request to compel Defendants to undertake additional searches for documents as to Mr. Richman is denied.

- <u>David Levine</u>:  Plaintiff's request to compel Defendants to undertake additional searches for documents as to Mr. Levine is denied.

- <u>Ira Rosen</u>:  Defendants are ordered to search for and produce complaints, in any form, against Mr. Rosen made by Ms. S,[2] and to provide a description of the steps taken to locate such complaints.  Defendants are further ordered to produce Mr. Rosen's employment contract and severance package, if any.

- <u>Michael Raduztky</u>:  Plaintiff's request to compel Defendants to undertake additional searches for documents as to Mr. Radutzky is denied.  Defendants are ordered to provide a description of the steps taken to locate the complaint against Mr. Raduztky by Ms. G.

---

[2] The complainants' full last names are not set forth in this Order to protect their identities.

- <u>Shachar Bar-On</u>: Plaintiff's request to compel Defendants to undertake additional searches for documents as to Mr. Bar-On is denied.
- <u>Will Croxton</u>: Plaintiff's request to compel Defendants to undertake additional searches for documents as to Mr. Croxton is denied.

For 60 Minutes Senior Producers, Producers, Senior Editors, and Editors who had employment contracts and who were separated involuntarily[3] from January 1, 2020 through the present, Defendants are ordered to produce documents sufficient to show whether and what severance package those individuals were offered and/or received.

Plaintiff's request for documents to show the role of Bill Owns and Tanya Simon concerning complaints against potential comparators is denied.

The Court finds that the Supplemental Letter dated March 5, 2025, ECF No. 119, is not sufficiently related to the disputes raised in the Letter Motion at ECF No. 107, and therefore did not consider or rule on any dispute raised therein.

The Clerk of Court is respectfully directed to terminate the open Letter Motion at ECF No. 107 as GRANTED IN PART and DENIED IN PART.

**SO ORDERED.**

Dated: March 7, 2025
      New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge

---

[3] The involuntary nature of the separations should be limited here to performance-related separations, rather than economic or reduction-in-force separations.