USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/7/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDRA POOLOS,

                          Plaintiff,

          -v-

PARAMOUNT GLOBAL, ET AL.,

                          Defendants.

**ORDER**

23-CV-8896 (GHW) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

The Court held a conference on April 4, 2025 to address Defendants' Letter

Motion to Compel Production of the Plaintiff's Handwritten Notes, ECF No. 145;

Defendants' Letter Motion to Compel Releases from Medical Providers, ECF No.

148; Plaintiff's Letter Motion to Compel Production of Documents Provided to the

New York Attorney General, ECF No. 150; Defendants' Letter Motion for a

Protective Order Regarding Its 30(b)(6) Witness, ECF No. 151; Plaintiff's Letter

Motion to Reopen the Deposition of Renee Balducci, ECF No. 152; and Plaintiff's

Letter Motion for a Forensic Exam of the Balducci and Richards Cell Phones and

iCloud Accounts.  ECF No. 153.  For the reasons discussed during the conference,

the Court issues the following rulings:

- Defendants' Letter Motion to Compel Production of the Plaintiff's

  Handwritten Notes, ECF No. 145, is **DENIED**.

- Defendants' Letter Motion to Compel Releases from Medical Providers, ECF

  No. 148, is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff is

directed to provide a signed release to Dr. Dan Williams for medical records from January 1, 2018 to the present; Plaintiff is directed to provide a signed release to Dr. Nina Williams for any letter sent to Dr. Christine Jackson after January 1, 2018.

- Plaintiff's Letter Motion to Compel Production of Documents Provided to the New York Attorney General, ECF No. 150, is **GRANTED IN PART** and **DENIED IN PART**. Defendants are directed to search the collection of documents produced to the NYAG for documents falling within the existing scope of discovery.

- Defendants' Letter Motion for a Protective Order Regarding Its 30(b)(6) Witness, ECF No. 151, is **GRANTED IN PART** and **DENIED IN PART**, as set forth below, using the numbering of the topics in Plaintiff's 30(b)(6) deposition notice.

1.      Defendants shall provide a 30(b)(6) witness on whether there was any written guidance as referenced in the agreement with the New York Attorney General's Office.

2.      Defendants shall provide a 30(b)(6) witness on whether there were any guidelines, policies, or procedures for investigating complaints as referenced in the agreement with the New York Attorney General's Office.

3.      Defendants shall provide a 30(b)(6) witness on whether there was any written policy with regard to employee discipline and corrective actions as referenced in the agreement with the New York Attorney General's Office.

4&5.    Defendants shall provide a sworn, written response identifying any training Mr. Owens, Mr. Simon, Ms. Balducci, and Ms. Glasgow received concerning harassment, discrimination, retaliation, and corrective action prior to Plaintiff's termination.  If the materials for such training have not been produced, Defendants' response must provide a brief description of the training.

6.      Defendants shall provide a 30(b)(6) witness on whether Defendants have provided all complaints against Radutzky, Levine, Croxton and Richman within the relevant timeframe (established in previous discovery disputes) and, if so, a general description of the efforts made to find any such complaints.

7.      Defendants shall provide a 30(b)(6) witness on whether the Named Comparators received severance upon their respective terminations and, if so, the material terms of such severance.

8.      Defendants shall provide a 30(b)(6) witness on when Plaintiff's company phone was wiped of data, unless they provide a satisfactory sworn affidavit providing such information beforehand.

9.      Defendants are directed to provide a sworn affidavit stating whether

any *60 Minutes* Senior Producers, Producers, Senior Editors, and Editors who

were separated involuntarily for non-economic reasons received severance.

10.     The parties are directed to meet and confer regarding a stipulation

concerning the foundation for and authenticity of Defendants' Position

Statement to the Equal Opportunity Employment Commission.

11.     Defendants shall provide a 30(b)(6) witness to describe certain

information about the separations of Ms. V. and Ms. G., *i.e.*, the dates of their

separations, the general nature of the separations, and the decisionmakers

involved, unless they provide a satisfactory sworn affidavit providing such

information beforehand.

12.     Defendants shall provide a 30(b)(6) witness to identify the *60 Minutes*

and *60 Minutes+* employees referenced Exhibit H to Plaintiff's Letter Motion,

ECF No. 107 at 153–73, unless they provide a satisfactory sworn affidavit

providing such information beforehand.

13.     The parties are directed to meet and confer regarding a stipulation

concerning the foundation for and authenticity of the agreement between

CBS and the New York Attorney General.

- Plaintiff's Letter Motion to Reopen the Deposition of Renee Balducci, ECF

  No. 152, is **GRANTED**.  Plaintiff may question Ms. Balducci regarding the

newly produced recording of Ms. Balducci's conversation with Ms. Richards
for up to one additional hour.

- Plaintiff's Letter Motion for a Forensic Exam of the Balducci and Richards
  Cell Phones and iCloud Accounts, ECF No. 153, was not ruled on and will be
  addressed in a separate order.

## CONCLUSION

For the reasons described during the conference held on April 4, 2025, the
Clerk of Court is respectfully directed to terminate the Letter Motion at ECF No.
145 as DENIED, the Letter Motion at ECF No. 152 as GRANTED, and each Letter
Motion at ECF Nos. 148, 150 and 151 as GRANTED IN PART and DENIED IN
PART.

**SO ORDERED.**

Dated: April 7, 2025
      New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge