UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDRA POOLOS, | |
| Plaintiff, | |
| -v- | |
| PARAMOUNT GLOBAL, ET AL., | |
| Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/8/2025_____

**ORDER**

23-CV-8896 (GHW) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

The Court held a conference on April 4, 2025 to address, *inter alia*, Plaintiff's Letter Motion for a Forensic Exam of the Balducci and Richards Cell Phones and iCloud Accounts.  ECF No. 153.  For the reasons discussed during the conference and described below, Plaintiff's Letter Motion is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff seeks to conduct an independent forensic examination of Balducci's cell phone, Richards' cell phone, and their associated iCloud accounts to identify: (i) what, if any, relevant information exists; (ii) what existed but no longer exists; (iii) what was deleted; (iv) when it was deleted; (v) how it was deleted; (vi) what, if anything can be recovered; and (vii) when the auto-delete function was turned on and off on Richards' phone.  ECF No. 153 at 4.

### A.    Balducci's Business Cell Phone

Plaintiff argues that Defendants have not produced text messages sent and received from Balducci's business cell phone.  While Balducci's deposition testimony does not establish that any text messages on her cell phone were not preserved,

Plaintiff was able to obtain from Bronstein, a third party, text messages that he exchanged with Balducci, which Defendants did not produce from the image taken of Balducci's phone. The absence of these text messages from Defendants' production is evidence that Defendants failed to produce or preserve all relevant text messages from Balducci's cell phone. Recognizing that a forensic examination of this nature is a drastic discovery measure, these circumstances justify a limited forensic examination of Balducci's business cell phone and related iCloud account to locate and retrieve text messages about Poolos that were sent to or from Owens, Simon, Bronstein, and Richards between December 1, 2021 and February 3, 2022.

### B.    Richards' Personal Cell Phone

Plaintiff argues that Richards' personal cell phone, which Richards used for her work at *60 Minutes*, was never imaged and that her text messages from the relevant period were automatically deleted by a factory setting on her phone. ECF No. 153 at 1–2. Richards' deposition testimony establishes that she used her personal cell phone to exchange text messages about Poolos with Simon, Owens and arguably with Bronstein. ECF No. 153-1 ("Richards Tr."), at 74:9–22; 66:16-21. Her testimony is less clear as to whether Richards exchanged text messages about Poolos with Balducci. *Id.* at 74:17-22. Further, Richards confirmed that her personal cell phone was never imaged. *Id.* at 81:17–25. This testimony is evidence that Richards' personal phone once contained text messages about Poolos, but they were automatically deleted before data was collected from that phone for production in litigation. These circumstances justify a limited forensic examination of Richards' personal cell phone and related iCloud account to locate and retrieve text

messages about Poolos that were sent to or from Owens, Simon, Bronstein, and Balducci between December 1, 2021 and February 3, 2022.

Additionally, Plaintiff argues that Richards used Signal, an encrypted messaging application, to communicate with Bronstein. ECF No. 153 at 2. However, Richards' deposition testimony establishes that she and Bronstein used Signal to communicate about subjects unrelated to Poolos. Richards Tr. at 94:1–95:14. Thus, Plaintiff's Letter Motion is denied to the extent it seeks Signal messages.

## CONCLUSION

Plaintiff's Letter Motion is **GRANTED** for the limited purpose of conducting an independent forensic examination of Balducci's work phone and associated iCloud account, and Richards' personal phone and associated iCloud account, to locate and/or recover text messages and/or iMessages about Poolos exchanged with Richards, Balducci, Simon, Owens, and Bronstein between December 1, 2021 and February 3, 2022. Any such forensic examination shall be conducted at Plaintiff's expense. Plaintiff's Letter Motion is otherwise **DENIED**.

The Clerk of Court is respectfully directed to terminate the Letter Motion at ECF No. 153 as **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED.**

Dated: April 8, 2025
      New York, New York

Henry J. Ricardo
United States Magistrate Judge