USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 9/28/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDRA POOLOS,

Plaintiff,

-v -

PARAMOUNT GLOBAL, *et al.*,

Defendants.

1:23-cv-8896-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On July 31, 2026, Magistrate Judge Henry J. Ricardo, to whom this case has been referred for general pretrial matters and dispositive motions, issued a thoughtful and well-reasoned report and recommendation on Defendants' motion for summary judgment. Dkt. No. 338 (the "R&R").[1] Judge Ricardo recommended that the Court grant Defendants' motion for summary judgment in part and deny it in part. In particular, the R&R recommended that the Court deny Defendants' motion for summary judgment with respect to Plaintiff's claims for discrimination under Title VII, the NYSHRL and the NYCHRL. The R&R recommended that the Court grant Defendants' motion with respect to Plaintiff's claim for retaliation under Title VII (the "Title VII Retaliation Claim"). It also recommended that the Court conclude that Plaintiff cannot pursue a viable claim for retaliation under the NYSHRL and the NYCHRL to the extent that it was predicated upon a specified investigation conducted by Defendants (the "Investigation Retaliation Claim"). The R&R recommended that Defendants' motion be denied with respect to Plaintiff's claims for retaliation under those statutes based on other purported adverse actions. Finally, the R&R recommended that the Court grant Defendants' motion for summary judgment with respect to Plaintiff's claims for

[1] Terms used without definition herein shall have the meaning set forth in the R&R.

breach of contract and a violation of the NYLL.

On August 14, 2026, Defendants and Plaintiff objected to parts of the R&R. Dkt. Nos. 339, 340. Their objections were fully briefed on August 28, 2026. Dkt. Nos. 343, 344.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). The Court reviews for clear error those parts of the report and recommendation to which no party has properly objected. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025); 28 U.S.C. § 636(b)(1). When a party lodges a proper objection, the Court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Nambiar*, 158 F.4th at 358–59. A proper objection is both timely and specific, meaning it must have "sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Nambiar*, 158 F.4th at 359 (citation omitted). "Merely referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.* (quoting *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

"When a timely filed objection raises and properly briefs arguments previously rejected by the magistrate judge, the district judge must review those arguments *de novo*." *Id.* at 361. But objections that are "nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition" warrant only clear-error review. *Id.* (quoting *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022)).

Finally, a "proper objection generally may not raise new arguments not previously made before the magistrate judge." *Id.* at 359; *accord Piligian v. Icahn Sch. of Med. at Mt. Sinai*, 490 F. Supp.

3d 707, 716 (S.D.N.Y. 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." (citation omitted)).

No party objected to the R&R's recommendation that Defendants' motion for summary judgment be granted with respect to the Title VII Retaliation Claim, or with respect to its recommendation that Plaintiff cannot pursue a viable claim under the NYSHRL and the NYCHRL with respect to the Investigation Retaliation Claim. The Court has reviewed those portions of the R&R for clear error and has found none. The Court therefore adopts those conclusions of the R&R. The Title VII Retaliation Claim is dismissed. Plaintiff will not be permitted to pursue the Investigation Retaliation Claim at trial.

The Court has treated the parties' other objections as sufficiently specific to justify *de novo* review of the issues presented in them. For the reasons stated on the record during the teleconference held on September 28, 2026, the Court denies Defendants' motion for summary judgment with respect to Plaintiff's other claims.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 264.

SO ORDERED.

Dated: September 28, 2026
New York, New York

GREGORY H. WOODS
United States District Judge