USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 10/14/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

ALEXANDRA POOLOS,

Plaintiff,

-v-

PARAMOUNT GLOBAL, *et al.*,

Defendants.

------------------------------------------------------------ X

1:23-cv-8896-GHW

<u>ORDER</u>

GREGORY H. WOODS, United States District Judge:

On October 13, 2026, Defendants filed a motion to seal, Dkt. No. 352, requesting leave to file a letter containing redactions, Dkt. No. 354. Defendants' motion is granted.

In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. See 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" Id. (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

Having evaluated these factors, the motion to seal is granted. The documents sought to be

sealed are judicial documents. However, the weight of the presumption is low; the information sought to be sealed is limited to sensitive personal information. While the information is likely to be significant for the Court in considering the request to extend the deadline for the parties' joint letter addressing the length of trial and proposed trial dates, the factors that counsel against disclosure—principally the privacy interests of the party—outweigh the public's interest in disclosure of the redaction information at this time. As a result, the motion to seal is granted with respect to the specified redaction of Dkt. No. 353. This determination is made only with respect to the information at issue at this stage of the case and on this record.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 352.

SO ORDERED.

Dated: October 14, 2026
New York, New York

GREGORY H. WOODS
United States District Judge